IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TAURENCE TARELL DOTSON, | : |
| Petitioner, | : |
| VS. | : NO. 5:25-cv-00392-CAR-CHW |
| SHERIFF DAVID DAVIS,[1] | : |
| Respondents. | : |

## ORDER

Petitioner Taurence Tarell Dotson, a pretrial detainee in the Bibb County Law Enforcement Center in Macon, Georgia, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF Nos. 1 & 3. He has also now paid the $5.00 filing fee.

It is now **ORDERED** that, within **THIRTY (30) DAYS** of the date of this Order, Petitioner amend or supplement his petition to include information about his exhaustion of any state judicial remedies, including whether he filed a state habeas corpus petition, *see Picard v. Connor*, 404 U.S. 270, 275 (1971), and to add any unalleged possible constitutional error or deprivation entitling him to relief under § 2241, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in the initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in the initial and

---

[1] In the petition, Petitioner identified Sheriff David Davis, Judge Connie Lynn Williford, and Assistant District Attorney Breanna Foster as the respondents. As the person who has custody over Petitioner, Sheriff Davis is the proper respondent to this proceeding. *See* 28 U.S.C. § 2242. Therefore, the Clerk is **DIRECTED** to remove Judge Williford and ADA Foster as respondents.

amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within **SIXTY (60) DAYS** after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

A copy of the petition and a copy of this Order shall be served on Respondent by the Clerk of Court. A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 4th day of December, 2025.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge